**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY 1&1 IONOS, INC.** | ML No.   20-ML-336_____ |

*Reference:*   DOJ Ref. # CRM-182-69607; Subject Account: rachel.aberlink@mail.com

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), to execute a request from the Portuguese Republic ("Portugal").  The proposed Order would require 1&1 Ionos, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Chesterbrook, Pennsylvania, to disclose certain records and other information pertaining to the PROVIDER account associated with rachel.aberlink@mail.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.        PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Portugal's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Portugal in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Portugal are investigating an unknown suspect(s) for fraud offenses, which occurred from November 7, 2018 to and including November 19, 2018, in violation of the criminal law of Portugal, specifically, Article 221 of the Portuguese Criminal Code.  A copy of the applicable law is appended to this application.  The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution.  Although the United States has no treaty obligation to render assistance to Portugal, it generally does so as a matter of comity.

6.      According to authorities in Portugal, on or around October 29, 2018, a Portuguese company ("victim company") negotiated a contract to buy industrial equipment from a company based in the United Kingdom called Aberlink Ltd. ("Aberlink").  The two companies negotiated this contract by e-mail through an Aberlink employee with the first name of Rachel.

7.      On November 7, 2018, the victim company received an e-mail from the unknown suspect(s) using the e-mail account rachel.aberlink@mail.com.  This e-mail appeared very similar to the legitimate e-mail account belonging to Rachel at Aberlink.  Through e-mail

correspondence, the unknown suspect(s) convinced the victim company to send the payment for the industrial equipment, EUR 17,298.80 (approximately USD 18,771), to a bank account that did not belong to Aberlink on November 12, 2018.

8. The victim company received eleven e-mails from the e-mail account rachel.aberlink@mail.com through November 19, 2018, before realizing that the payment of EUR 17,298.80 (approximately USD 18,771) did not go to Aberlink.

9. The victim company filed a criminal complaint on November 19, 2018 and provided copies of the e-mail correspondence from the e-mail account rachel.aberlink@mail.com to Portuguese authorities.

10. The victim company did not recover the transferred amount of EUR 17,298.80 (approximately USD 18,771).

11. In order to identify and locate the unknown suspect(s), Portuguese authorities request certain records pertaining to the e-mail account rachel.aberlink@mail.com, which is serviced by PROVIDER.

### **REQUEST FOR ORDER**

12. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Portugal identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _/s/ Jason F. Cunningham_____
     Jason F. Cunningham
     Trial Attorney
     MA Bar Number 673495
     Office of International Affairs
     Criminal Division, Department of Justice
     1301 New York Avenue, N.W., Suite 800
     Washington, D.C.  20530
     (202) 616-3596 telephone
     (202) 514-0080 facsimile
     Jason.Cunningham@usdoj.gov

## Relevant Provision of the Portuguese Penal Code

**Article 221 - Computer swindling and in communications**

1. Whoever, with the intent of obtaining for himself or for a third-party illegitimate enrichment, causing another person's asset loss, interfering in the result of data processing or by incorrect software structuration, incorrect or incomplete data usage, usage of data without authorization or intervention by any other way unauthorized in the processing, is punished with a penalty of imprisonment up to 3 years or with a penalty fine.

2. The same penalty is applicable to whoever, with intent to obtain for himself or herself or for a third-party an illegitimate benefit, causes asset loss to another, using programs, electronic devices or other means that, separately or conjointly, aim to decrease, alter or impede, totally or partially the normal functioning or exploration of telecommunication services.

3. The attempt is punishable.

4. The criminal proceeding depends upon complaint.

5. If the loss is:

    a. Of [a] high amount, the agent is punished with a penalty of imprisonment of up to 5 years or with a penalty fine of up to 600 days;

    b. Of [a] considerably high amount, the agent is punished with a penalty of imprisonment from 2 to 8 years.